## FINNEY *v.* EQUITABLE MORTGAGE COMPANY.

1. When the defendant in an action upon a promissory note admits enough to make out a prima facie case for the plaintiffs, and sets up the defense of usury, it is incumbent upon him to establish the same by evidence, and if he fails to do so the court may direct a verdict for the plaintiff.

2. Where in such a case it affirmatively appeared that the plaintiff, to whom the defendant had applied for a loan of the money for which the note in suit was given, remitted to a named person a check for the full amount of the note, less a sum which the defendant had agreed to pay to a corporation for negotiating the loan, the check being payable to the order of the person named therein as agent of the defendant, evidence which showed merely that this person was not the defendant's agent to borrow the money, and that he paid over to the defendant a sum less than that named in the check, was not sufficient to show that the transaction was

usurious. It was incumbent upon the defendant to show further that the payee of the check was in fact the plaintiff's agent, and that as such he kept a portion of the money with a view to exacting usury on the loan.

Submitted May 19,—Decided June 7, 1900.

Complaint. Before Judge Littlejohn. Dooly superior court. September term, 1899.

*Guerry & Hall,* for plaintiff in error.
*E. A. Hawkins,* contra.

Cobb, J. The Equitable Mortgage Company sued Finney upon a promissory note, the payment of which it was alleged was secured by a deed which had been by the defendant executed and delivered to the plaintiff. The petition prayed for a judgment setting up a special lien on the land described in the deed. The defendant filed a plea setting forth that the deed was invalid, for the reason that the debt which it was given to secure was infected with usury. At the trial the defendant admitted the execution of the note and deed, assumed the burden of proof, and undertook to establish the truth of his plea of usury. From the evidence it appeared that the defendant had made application in writing to the Georgia Security Investment Company to negotiate a loan for him for $400, that company being described in the application as the agent of the applicant, and it being agreed therein that the applicant was to pay to such company the sum of $75 as commissions for negotiating the loan. The loan negotiated was represented by the note sued on, which was for $430. The defendant testified that he received only $354 of this amount. It appeared that a check for $355 had been forwarded to R. D. Smith, who is described in the check as the agent of the defendant, and the amount of the check is stated therein to be the "amount of loan negotiated by the Georgia Security Investment Company." The $354 which reached the defendant was paid to him by Smith. Upon this state of facts the judge directed a verdict in favor of the plaintiff, and this is assigned as error in the bill of exceptions sued out by the defendant.

It is contended on the part of the plaintiff in error, that as the agreement with the Georgia Security Investment Company was that the commissions for negotiating the loan should be $75, and as $76 was retained, the amount of the note less this

sum being the amount received by the defendant, the truth of his plea was established. Even if it be conceded that a difference of one dollar in the transaction would authorize the setting aside of a deed on the ground that the debt which it was given to secure was infected with usury, still the defendant failed to carry the burden which he assumed in undertaking to establish the truth of his plea. It does not distinctly appear, except from the recitals in the check, that Smith was the agent of either party. He was the person through whom the money reached the defendant, but just what his connection with the transaction was is not at all clear. The burden of proof was upon the defendant, and therefore, even if Smith retained one dollar of the amount in his hands, before the defendant can be said to have established his plea of usury, he should have shown that Smith was the plaintiff's agent and as such kept the difference between the amount of the check forwarded to him and the amount actually paid over to the defendant, with a view to exacting usury on the loan made to the defendant. As this did not appear, the plea was not established by evidence, and the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. All concurring, except Fish, J., absent.*